UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREATSHIP (INDIA) LIMITED,

                Petitioner,

   -against-

MARINE LOGISTICS SOLUTIONS (MARSOL) LLC,

                Respondent.

11 Civ. 420 (RJH)

**MEMORANDUM OPINION AND ORDER**

Richard J. Holwell, District Judge:

     Respondent Marine Logistics Solutions, LLC ("Marsol") chartered two vessels owned by petitioner Greatship (India) Limited ("Greatship"). Marsol defaulted on two payments to Greatship, who referred the matter to arbitration in London. On September 22, 2010, the arbitrators awarded Greatship damages of $2,168,700 with interest, an award which Marsol has neither appealed nor paid. On January 20, 2011, Greatship petitioned this court to enforce the award pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), codified at 9 U.S.C. §201 *et seq.* (2006), and the Federal Arbitration Act, codified at 9 U.S.C. § 1 *et seq*. Marsol now moves to dismiss the petition under Fed. R. Civ. P. 12(b)(2), arguing that the court lacks personal jurisdiction over it. Because Greatship's allegations do not support a finding of jurisdiction over Marsol, Marsol's motion to dismiss is GRANTED.

1

**Factual Background**

The following facts are undisputed between the parties.

Greatship, an Indian business entity, is the owner of two vessels, the Greatship Amrita and the Greatship Anjali. (Pet.'s Mem. of Law in Opp. To Resp.'s Mot. to Dismiss ("Opp.") at 1; Verified Petition ("Pet.") ¶2.) Marsol is an offshore logistics service provider, registered in Dubai, United Arab Emirates. (Hashmi Decl. ¶3; D'Ambrosio Decl. Ex. 1.) Marsol time chartered the Greatship Amrita and the Greatship Anjali under two charterparties[1] dated November 27, 2007. (Opp. at 1.)

On or about October 19, 2009, Greatship and Marsol agreed to early re-delivery of the vessels, and entered into two settlement agreements (the "Amrita Agreement" and the "Anjali Agreement"). (Opp. at 1; *see* D'Ambrosio Decl. Ex. 1, Ex. 2.) In the Amrita Agreement, Marsol agreed to pay Greatship $1,811,516.00 for outstanding time charter hire, and $450,000.00 in compensation for early redelivery of the Greatship Amrita. (*Id.*) In the Anjali Agreement, Marsol agreed to pay Greatship $557,596.71 for outstanding time charter hire. (*Id.*) The Amrita Agreement contained a schedule for payments of the total settlement amounts, and provided that if Marsol were to default on any two consecutive installments, "the defaulting sums along with all other sums . . . shall become due and payable immediately and shall carry an interest in the measure of 10% (ten percent) annually until the date of realization." (*Id.* at 1-2.) Clauses in each settlement agreement provided that each would be governed in accordance with English law, and that disputes arising out of the agreements would be referred to arbitration in London. (*Id.* at 2; Resp. Mot. to Dismiss ("MTD") at 2.) The settlement agreements nowhere mention the United States, New York State, or any other state. (*See* D'Ambrosio Decl. Exs. 1 & 2.)

---

[1] A charterparty is a "charter or deed made between owners and merchants for hire of a ship, and safe delivery of the cargo." III Oxford English Dictionary 50 (2d ed. 1991).

Marsol allegedly defaulted on its October and November 2009 installments due under the agreements. (Opp. at 2; MTD at 2.) Greatship then referred the dispute to arbitration in London, in accordance with the arbitration clauses. (Opp. at 2; MTD at 2.) On September 22, 2010, the arbitrators awarded Greatship principal damages of $2,168,700, with interest. (Opp. at 2; *see* MTD at 2.) Greatship subsequently made demands for payment, but Marsol has not paid. (Opp. at 2; *see* MTD at 2.)

On January 20, 2011, Greatship petitioned this court to enforce the award pursuant to the New York Convention. (Pet. ¶1.) On June 6, 2011, Marsol moved under Rule 12(b)(2) to dismiss the petition for lack of jurisdiction.

**Discussion**

"A court is 'obligated to dismiss an action against a defendant over which it has no personal jurisdiction' upon motion by that defendant." *Stone v. Ranbaxy Pharm., Inc.*, No. 10 Civ. 8816, 2011 WL 2462654, at *1 (S.D.N.Y. June 16, 2011) (quoting *In re Ski Train Fire*, 230 F. Supp. 2d 403, 406 (S.D.N.Y. 2002)). "A plaintiff opposing a motion to dismiss a complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) 'bears the burden of establishing that the court has jurisdiction over the defendant.'" *Anderson v. Marr*, No. 10 Civ. 818, 2011 WL 3423694, at *4 (S.D.N.Y. July 18, 2011) (quoting *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001)). Prior to discovery, the plaintiff need only plead facts which, if true, would establish jurisdiction over the moving defendant. *Id.*; *Stone*, 2011 WL 2462654, at *1. "At the pre-discovery stage, a court may consider documents beyond the pleadings in determining whether personal jurisdiction exists, and any pleadings and other documents considered by the Court must be interpreted in the light most favorable to the plaintiff." *Anderson*, 2011 WL

3423694, at *4. However, "conclusory allegations are not enough to establish personal jurisdiction." *Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 625 (S.D.N.Y. 2003). Instead the allegations supporting jurisdiction must be factually supported. *Yellow Page Solutions, Inc. v. Bell Atlantic Yellow Pages Co.*, No. 00 Civ. 5663, 2001 WL 1468168, at *3 (S.D.N.Y. Nov. 19, 2001) (citing *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)).

To enforce a foreign arbitral award under the New York Convention, the enforcing court must have *in personam* or *quasi in rem* jurisdiction over the party ordered to pay. *Frontera Resources Azerbaijan Corp. v. State Oil Co. of the Azerbaijan Republic*, 582 F.3d 393, 398 (2d. Cir. 2009); *Adrian Shipholding Inc. v. Lawndale Group S.A.*, No. 08 Civ. 11124, 2010 WL 1372627, at *2 (S.D.N.Y. Mar. 26, 2010) ("[T]he Court of Appeals has recently imposed a requirement that courts in this Circuit find personal or quasi in rem jurisdiction before confirming a foreign arbitral award.") (citing *Frontera*). The federal statute that implements the New York Convention does not itself confer personal jurisdiction over the parties to an award. *Opal Finance Ltd. v. Agrenco Madeira Comercio Int'l LDA*, No. 08 Civ. 8279, 2010 WL 476711, at *1 (S.D.N.Y. Feb. 3, 2010). Personal jurisdiction must therefore be established either under state law, or, since the New York Convention is enacted by federal statute, by Federal Rule of Civil Procedure 4(k)(2).

Accordingly, to enforce a foreign arbitral award in this court, the petitioner must show either (1) that the respondent is "'present' in New York," *Ford v. Department of Soc. Servs.*, No 10 Civ. 3800, 2011 WL 1458138, at *2 (S.D.N.Y. Mar. 22, 2011) (quoting N.Y. C.P.L.R. 301 (McKinney 2010)), and therefore subject to general personal jurisdiction; (2) that the respondent "has committed acts within the scope of New York's long-arm statute," *Ford*, 2011 WL 1458318, at *2 (quoting N.Y. C.P.L.R. 302), and is therefore subject to specific personal

jurisdiction over claims arising from those acts; or (3) that, under Rule 4(k)(2), the respondent is not subject to the jurisdiction of any one state, but that the exercise of general federal personal jurisdiction over the respondent is nevertheless consistent with the requirements of due process[2], *see Kiobel v. Royal Dutch Petroleum Co.*, No. 02 Civ. 7618, 2010 WL 2507025, at *6 (S.D.N.Y. June 21, 2010) (citing *Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 127 (2d Cir. 2008)).

### *N.Y. C.P.L.R. 301*

N.Y. C.P.L.R. 301 provides for general personal jurisdiction with respect to any cause of action over a defendant who "is 'doing business' and is therefore 'present' in New York." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) (quoting *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985)). The defendant must "do[] business in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Id.* (internal quotation marks omitted). "In order to establish that this standard is met, a plaintiff must show that a defendant engaged in continuous, permanent, and substantial activity in New York." *Id.* (internal quotation marks omitted). New York courts consider several factors in this analysis, "including 'the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts or other property in New York; and the presence of employees or agents in New York.'" *Fagan v. Republic of Austria*, No. 08 Civ. 6715, 2011 WL 1197677, at *12 (S.D.N.Y. Mar. 25, 2011) (quoting *Xiu Feng Li v. Hock*, 371 F. App'x 171, 174 (2d Cir. 2010)).

---

[2] Although the *Frontera* court also adopted the suggestion of the district court (Holwell, J.) and held that a sovereign state and its agents do not enjoy due process protections, *Frontera*, 582 F.3d at 399-401 (overruling in part *Texas Trading & Mill. Corp. v. Federal Republic of Nigeria*, 647 F.2d 300 (2d Cir. 1981)), that holding does not extend to privately-owned foreign corporations. *Frontera* at 401 (*citing Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418-19 (1984); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir.1999); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 571 (2d Cir.1996)). Accordingly, any exercise of jurisdiction over Marsol must comport with the requirements of due process.

To find general personal jurisdiction under N.Y. C.P.L.R. 301, the defendant must be doing business in New York at the time the action was filed, not when the claim arose. *Pieczenik v. Dyax Corporation*, No. 00 CV 243, 2000 WL 959753, at *3 (S.D.N.Y. July 11, 2000); *Yurman Designs, Inc. v. A.R. Morris Jewelers, L.L.C.,* 41 F.Supp.2d 453 (S.D.N.Y. 1999); *Lancaster v. Colonial Motor*, 581 N.Y.S.2d 283, 287 (App. Div. 1992).

Registration pursuant to §304(b) of the Business Corporation Law is considered consent to general personal jurisdiction. *Augsbury Corp. v. Petrokey Corp.*, 470 N.Y.S.2d 787, 789 (App. Div. 1983). Such consent is revoked when the registration expires or is surrendered. *See Greenman-Perdesen, Inc. v. Berryman & Henigar, Inc.*, No. 09 Civ. 167, 2009 WL 2523887, at *5 (S.D.N.Y. Aug. 18, 2009) (finding that defendant had not consented to personal jurisdiction merely because it had been, but no longer was, registered to do business in New York).

Greatship does not allege facts that establish or suggest that Marsol has engaged in any commercial activity in New York. Greatship merely alleges (I) that Marsol "maintains an agency and/or parent-subsidiary relationship with Emirates Trading Agency L.L.C." ("ETA"), such that Marsol was the "sale & purchase division" of ETA, and that ETA was registered to do business in New York pursuant to §304(b) of the New York Business Corporation Law from January 20, 2009 until October 25, 2010, when it surrendered its authority (Opp. at 7-8); and (II) that Marsol once commenced a lawsuit in this court, *Marine Logistics Solutions (Marsol) LLC v. Eneroil Offshore Drilling Ltd.*, No. 09 Civ. 5135 (S.D.N.Y. June 2, 2009) (voluntarily dismissed July 27, 2009), albeit not against Greatship.

These allegations do not establish or suggest that Marsol was "doing business" in New York under N.Y. C.P.L.R. 301. The jurisdictional acts of a parent in New York may be imputed to a foreign subsidiary, but only where "the subsidiary is acting as an agent for the parent, or the

parent's control is so complete that the subsidiary is a 'mere department' of the parent." *Irwin v. ZDF Enterprises GmbH*, No. 04 Civ. 8027, 2006 WL 374960, at *8 (S.D.N.Y. 2006) (citing *ESI, Inc. v. Coastal Corp.*, 61 F.Supp.2d 35, 51 (S.D.N.Y. 1999); *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir.1996)). Greatship's conclusory allegation that Marsol maintains an "agency and/or parent subsidiary relationship" with ETA is not sufficient to support jurisdiction. But even if it were, ETA surrendered its registration on October 25, 2010, and thereby revoked its consent, before the present petition was filed. *See Greenman-Perdesen*, 2009 WL 2523887, at *5. Therefore, the identified registration alone would not support general jurisdiction even over ETA, let alone its alleged subsidiary, Marsol.

As for Marsol's commencement of a single case in New York District Court, a party's appearance as petitioner in one proceeding does not necessarily subject it to personal jurisdiction in another proceeding, even in the same court. *Gulf Ins. Co. v. Caldor Corp.*, No. 03 Civ. 2894, 2006 WL 1586571, at *3 (S.D.N.Y. June 9, 2006) (citing *Andros Compania Maritima, S.A. v. Intertanker Ltd.*, 718 F. Supp. 1215, 1215-17 (S.D.N.Y. 1989)). Nor is the mere filing of a lawsuit in New York considered to be "doing business" in the state. N.Y. Bus. Corp. Law § 1301(b)(1) (McKinney 2003) ("a foreign corporation shall not be considered to be doing business in this state. . . by reason of . . . [m]aintaining or defending any action or proceeding, whether judicial, administrative, arbitrative or otherwise . . . ."); *see also Gruman v. Plotkin*, 403 N.Y.S.2d 88, 89 (App. Div. 1978) (noting that foreign corporation was not "doing business" by commencing action in New York Supreme Court to enforce mortgage note).

In his declaration, Marsol's general manager states that Marsol has no presence, offices or facilities in New York; does not do business in New York; does not solicit business in New York; does not own or lease any property in New York; has no employees located in New York;

and has no revenue attributable to New York. (Hashmi Decl. at 2.) Greatship has not alleged facts that, if proven, would contradict these assertions. In total, Greatship's factual showing is plainly insufficient to establish that Marsol was "doing business" here.

### *N.Y. C.P.L.R. 302*

N.Y. C.P.L.R. 302, New York's long-arm statute, *inter alia* "confers jurisdiction over any non-domiciliary who transacts any business within the state so long as the cause of action arises from this conduct." *Kennedy Johnson Gallagher, LLC v. Payne*, No. 10 Civ. 1363, 2010 WL 3958749, at *2 (S.D.N.Y. Oct. 5, 2010) (internal quotation marks and alterations omitted); *see* N.Y. C.P.L.R. 302(a)(1); *Opticare Acquisition Corp. v. Castillo*, 806 N.Y.S.2d 84, 91 (App. Div. 2005). A party "transacts business within the state" for the purposes of N.Y. C.P.L.R. 302 "when it purposefully avails itself of the privilege of conducting activities within New York." *Kennedy Johnson Gallagher*, 2010 WL 3958749, at *2. To support jurisdiction under N.Y. C.P.L.R. 302, there must be "a substantial nexus between the transaction of business and the cause of action sued upon." *Id.*; *see Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 249 (2d Cir.2007).

Greatship does not allege that Marsol transacted any business in New York related to the charterparties, settlement agreement, arbitration, or default. As noted *supra*, Marsol asserts that it does not do business in New York, and Greatship has not suggested that the present cause of action arose from any New York activity. Accordingly, New York's long-arm statute does not confer jurisdiction over Greatship's claims.

### *Federal Rule of Civil Procedure 4(k)(2)*

Greatship also asserts that jurisdiction is proper over Marsol pursuant to Rule 4(k)(2). "To establish personal jurisdiction over a defendant pursuant to Federal Rule of Civil Procedure 4(k)(2), a plaintiff must show that (1) the plaintiff's cause of action arises under federal law, (2)

the defendant is not subject to the jurisdiction of any one state, and (3) the exercise of personal jurisdiction over the defendant is consistent with the requirements of due process." *Kiobel*, 2010 WL 2507025, at *6 (citing *Porina*, 521 F.3d at 127); *see also* Fed. R. Civ. P. 4(k)(2) ("For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws."). "Rule 4(k)(2) is designed to fill a gap in the enforcement of federal law for courts to exercise personal jurisdiction over defendants having sufficient contacts with the United States to justify the application of United States law . . . but having insufficient contact with any single state to support jurisdiction under state long-arm legislation." *Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 760 (S.D.N.Y. 2004).

Greatship's claims arise under the New York Convention, and therefore under federal law. Although the Court has found that Marsol is not subject to personal jurisdiction in New York, Greatship does not certify (nor has the court ascertained *sua sponte*) that Marsol is not subject to jurisdiction in any other state. But even if that were so, the Court would still lack jurisdiction over Marsol because the exercise of jurisdiction pursuant to Rule 4(k)(2) would not comport with due process.

Due process for the purposes of Rule 4(k)(2) requires that the defendant have sufficient minimum contacts with the United States, and that the exercise of jurisdiction is reasonable. *Porina*, 521 F.3d at 127. The first step of the analysis, establishing minimum contacts with the United States, is a "more stringent" test than the comparable standard under states' long-arm statutes, and requires a plaintiff to show that the defendant had "continuous and systematic general business contacts" with the United States, contacts that "approximate physical presence

in the United States." *NewMarkets Partners LLC v. Oppenheim*, 638 F. Supp. 2d 394, 404 (S.D.N.Y. 2009) (quoting *Porina*, 521 F.3d at 128 and *BBC Chartering & Logistic v. Usiminas Mecanica S/A*, No. 08 Civ. 200, 2009 WL 259618, at *5 (S.D.N.Y. Feb. 4, 2009)) (internal quotation marks removed). If the defendant's contacts are deemed insufficient, the court's analysis ends, but if sufficient minimum contacts exist, the court proceeds to inquire whether the exercise of jurisdiction is reasonable. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir. 1996). This second step of the analysis considers such factors as "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 129 (2d Cir. 2002); *Tamam v. Fransabank Sal*, 677 F. Supp. 2d 720, 731 (S.D.N.Y. 2010). A weak but sufficient showing of minimum contacts requires a strong showing of reasonableness. *See Bank Brussels*, 305 F.3d at 129; *Tamam*, 677 F. Supp. 2d at 731.

      Greatship fails to establish sufficient minimum contacts between Marsol and the United States. Beyond the tenuous contacts between Marsol and New York discussed *supra*, Greatship further asserts that Marsol regularly transacts business in U.S. dollars and that the settlement agreements required payment to Greatship in U.S. dollars. (Opp. at 6.) Greatship deems this relevant because "all international U.S. dollar transfers are processed by intermediary banks in the United States." The settlement agreements, however, do not suggest or require the use of any bank or facility in the United States, and Greatship has not alleged that Marsol has ever actually processed a transaction with a U.S. bank. Even if it had, "'the routine acceptance and remittal of

10

commercial instruments incidentally bound for the forum state' are insufficient to establish minimum contacts." *See Northrop Grumman Overseas Serv. Corp. v. Banco Wiese Sudameries*, No. 03 Civ. 1681, 2004 WL 2199547, at *15 (S.D.N.Y. Sep. 29, 2004) (quoting *Froning & Deppe, Inc. v. Continental Illinois Nat'l Bank & Trust Co.*, 695 F.2d 289, 292 (7th Cir.1982)). Greatship also identifies that a vessel named "Marsol I" was classified as recently as 2005 with the Houston -based American Bureau of Shipping. Greatship provides no direct evidence that the present respondent was or is the owner of the Marsol I, or that such classification was purposefully acquired by Marsol. But even if Marsol were both owner and classifier of the Marsol I, the total activity alleged by Greatship is not the sort of continuous and systematic general business contact that could approximate physical presence in the United States. Courts in this district have found minimum contacts lacking under a Rule 4(k)(2) analysis when the defendant in question had far more connection with the United States than does Marsol. *See, e.g.*, *Nursan Metalurji Endustrisi A.S. v. M/V TORM GERTRUD*, No. 07 Civ. 7687, 2009 WL 536059, at *3-4 (S.D.N.Y. Feb. 27, 2009) (no minimum contacts sufficient for Rule 4(k)(2) when defendant had an office in Connecticut and owned several ships that conducted trade in American ports); *BBC Chartering*, 2009 WL 259618 at *5 (no minimum contacts where defendant attended fifteen meetings in the United States, supplied steel for two United States municipal construction projects and submitted bids for two more, placed two advertisements in a United States trade magazine, and issued a press release announcing a strategic decision to expand participation in the U.S. market); *see also Porina*, 521 F.3d at 129 (holding that a vessel's owner was not subject to personal jurisdiction under Rule 4(k)(2) with respect to an unrelated suit where the vessel had repeatedly visited U.S. ports at the direction of its charterers).

As Greatship has not shown that the exercise of jurisdiction pursuant to Rule 4(k)(2) would comport with due process, the court need not proceed to examine the reasonableness of such exercise. The Court finds that it does not have general federal jurisdiction over Marsol.

### *Request for Discovery*

Greatship asks for discovery to further establish its jurisdictional allegations against Marsol, but does not point to any particular information it hopes to obtain.

"District courts have considerable discretion in determining how best to handle jurisdictional questions." *Best Van Lines, Inc. v. Walker,* No. 03 Civ. 6585, 2004 WL 964009 (S.D.N.Y. May 5, 2004), *affirmed*, 490 F.3d 239 (2d Cir. 2007). "While discovery on the jurisdictional question is sometimes appropriate when there is a motion to dismiss for lack of jurisdiction, plaintiff must first make a threshold showing that there is some basis for the assertion of jurisdiction." *Daval Steel Prods. v. M.V. Juraj Dalmatinac*, 718 F. Supp. 159, 162 (S.D.N.Y. 1989). To be granted the opportunity for jurisdictional discovery, a plaintiff "must, at the least, allege facts that would support a colorable claim of jurisdiction." *Id*. (citing *Lehigh Valley Industries, Inc. v. Birenbaum*, 527 F.2d 87, 93–94 (2d Cir. 1975)).

The court has given Greatship's allegations their most favorable interpretation, and found them insufficient to support any colorable claim of jurisdiction. As Greatship has failed to make a threshold showing that this court has any jurisdiction over Marsol, it would be inappropriate to grant Greatship further discovery. *See Best Van Lines,* 490 F.3d at 255 ("We conclude that the district court acted well within its discretion in declining to permit discovery because the plaintiff had not made out a prima facie case for jurisdiction."); *see, e.g., Del Medical Imaging Corp. v. CR Tech USA, Inc.*, No. 08 Civ. 8556, 2010 WL 1487994, at *8 (S.D.N.Y. Apr. 13, 2010) (denying jurisdictional discovery where plaintiff "failed to allege any facts that could lead this

Court to exercise personal jurisdiction over [defendant] and . . . failed to point to any relevant information that it hopes to obtain in discovery . . . .").

## CONCLUSION

For the foregoing reasons, defendant Marsol's motion to dismiss [8] is GRANTED and Greatship's petition is dismissed without prejudice. The Clerk of Court is ordered to close this case.

SO ORDERED.

Dated: New York, New York
       Jan. 24, 2012

Richard J. Holwell
United States District Judge

13